IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM A. LARUE,

                Plaintiff,

v.                                     CIVIL ACTION NO.  2:11-cv-00526

VALORIE ADKINS, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

On August 3, 2011, Plaintiff, William A. LaRue, an inmate at Mount Olive Correctional Complex ("MOCC"), sued Defendants challenging the conditions of his confinement. [Docket 1.] By last count, this is Plaintiff's tenth civil lawsuit filed in this Court in the past four years.  At least three of these lawsuits have been dismissed by the Court as frivolous or for failing to state a claim upon which relief can be granted.  In the course of this litigation, Plaintiff also filed a Motion to Proceed pursuant to W. Va. Code § 25-1A-2(c) [Docket 3], Motion for Issuance of a Subpoena [Docket 13], and Motion for Preliminary Injunction [Docket 17] (hereinafter collectively referred to as "Miscellaneous Pending Motions.")

For the reasons contained in this Memorandum Opinion and Order, the Court **ADOPTS** United States Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation, **DENIES AS MOOT** Plaintiff's Miscellaneous Pending Motions [Docket 3, 13, and 17], **DISMISSES** the complaint in this case [Docket 1], and **DISMISSES** this case from the docket.

*I.  BACKGROUND*

On August 5, 2011, the Court referred this action to United States Magistrate Judge Mary E. Stanley for proposed findings of fact and recommendations for disposition.  (Docket 11.)  By Order entered on August 19, 2011, Magistrate Judge Stanley (referencing her Order entered on June 24, 2011, in *LaRue v. Hart*, No. 2:11-cv-00421) found that Plaintiff had filed at least three actions in federal court which were subsequently dismissed as frivolous, malicious, or for failure to state a claim.  She also found that Plaintiff, pursuant to 28 U.S.C. § 1915(g), lost his right to proceed without prepayment of fees and costs. (Docket 14.)  Accordingly, Magistrate Judge Stanley denied Plaintiff's Application to Proceed without Prepayment of Fees and Costs and advised Plaintiff that if he failed to pay the $350 filing fee in full by September 23, 2011, she would recommend that this Court dismiss this case.

On October 18, 2011, Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF&R") to this Court. (Docket 34.)  In the PF&R, Magistrate Judge Stanley reiterated her findings set forth in her August 19, 2011, Order.  Furthermore, Magistrate Stanley recommended to this Court that this case be dismissed without prejudice on the grounds that Plaintiff had not paid the $350 filing fee in full by September 23, 2011,  as he was advised to do in the August 19, 2011, Order. (*Id.*)  Finally, Magistrate Judge Stanley advised Plaintiff that failure to file specific written objections within fourteen days (plus three days for mailing) from the date of filing of the PF&R would constitute a waiver of de novo review by the District Court and a waiver of review by the Circuit Court of Appeals.  (*Id.*)

Objections to the PF&R were due November 4, 2011.  As of the date of this Memorandum Opinion and Order, Plaintiff has not filed any objections to the PF&R.

## II. DISCUSSION

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections were addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orphiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Magistrate Judge Stanley correctly found that Plaintiff has filed at least three lawsuits in this Court that were dismissed as frivolous or for failing to state a claim. *See LaRue v. Matheny*, No. 2:08-cv-00983, (S.D.W. Va. March 4, 2010) (Faber, J.) (dismissed for failing to state a claim upon which relief may be granted)[1]; *LaRue v. Hustler Magazine*, No. 2:08-cv-01214, (S.D.W. Va. March

---

[1] "When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning. Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United*
(continued...)

30, 2010) (Faber, J.) (dismissed with prejudice for failing to state a claim upon with relief can be granted); *LaRue v. Rubenstein*, No. 2:09-cv-00395, (S.D.W. Va. Dec. 31, 2009) (Copenhaver, J.) (dismissed with prejudice for failing to state a claim upon with relief can be granted). Together, these three dismissals amount to "three strikes" under the Prison Litigation Reform Act of 1995 (PLRA). Thus, pursuant to 28 U.S.C. § 1915(g), the sanction for accruing three such dismissals is the loss of the right to proceed without prepayment of fees and costs.

The sole exception to the three strikes sanction is where a prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Magistrate Judge Stanley concluded in her August 19, 2011, Order that where Plaintiff is housed in an administrative unit within the prison, has no contact with the general prison population, is locked down twenty-three hours a day, and is not allowed outdoor recreation, Plaintiff failed to demonstrate that he is under imminent danger of serious physical injury.

## III. CONCLUSION

Based on this record, Magistrate Judge Stanley properly denied Plaintiff's application to proceed without prepayment of fees and costs. For the foregoing reasons, the Court **ADOPTS** United States Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation,

---

[1](...continued)
*States*, 566 F.3d 391, 396 (4th Cir. 2009) (internal citations omitted) (construing predicate dismissals in 29 U.S.C. § 1915(g) cases).

**DENIES AS MOOT** Plaintiff's Miscellaneous Pending Motions [Docket 3, 13, and 17],

**DISMISSES** the complaint in this case [Docket 1], and **DISMISSES** this case from the docket.

  **IT IS SO ORDERED**.

  The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

       ENTER:  December 20, 2011

       _____

       THOMAS E. JOHNSTON
       UNITED STATES DISTRICT JUDGE